# EXHIBIT A

ROBERT LAND, ESQUIRE
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #04741
Attorney for Plaintiff(s)

*Filed and Attested by*
*PROTHONOTARY*
*20 NOV 2013 01:37 pm*
*E. MASCUILLI*

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

| | |
|---|---|
| JOHN WESTERMAN<br>16 Goodrock Road<br>Levittown, PA  19057<br><br>Vs.<br><br>K-MART CORPORATION<br>3333 Beverly Road<br>Hoffman Estates, IL  60179 | : AUGUST TERM, 2013<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO. 1752 |

CIVIL ACTION

COMPLAINT

NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 130801752

**ROBERT LAND, ESQUIRE**
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA  19106
(215) 627-8222
Attorney ID #004741
Attorney for Plaintiff

**MAJOR/NON-JURY ACTION**

---

| | |
|---|---|
| JOHN WESTERMAN<br>16 Goodrock Road<br>Levittown, PA  19057 | COURT OF COMMON PLEAS |
| Vs. | AUGUST TERM, 2013 |
| K-MART CORPORATION<br>3333 Beverly Road<br>Hoffman Estates, IL  60179 | NO. 1752 |

## COMPLAINT

1. Plaintiff, John Westerman, is an adult individual and citizen of the Commonwealth of Pennsylvania, who resides at 16 Goodrock Road, in Levittown.  He was born on April 24, 1961.

2. Defendant, K-Mart Corporation, is a corporation lawfully transacting business in the Commonwealth of Pennsylvania, having an address at 1 Kresge Road, in Fairless Hills.

3. At all times relevant, defendant has been in the business of retail sales of diverse merchandise.

4. Plaintiff had been employed by defendant corporation commencing December 16, 2002, and at relevant times was Department Manager of the Distribution Center.

5. Since December 16, 2002, until plaintiff's termination, plaintiff toiled in a workmanlike manner, performing at or above the level of similarly situated employees.

6. Defendant is an employer to which the Pennsylvania Human Relations Act applies, as well as federal law, due to age and disability. Venue is appropriate in this county. Although the acts of discrimination occurred in Bucks County, defendant maintains places of business in Philadelphia County.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

Plaintiff incorporates by reference the foregoing paragraphs as if each was fully set forth herein at length.

7. On or about a few days before Christmas, 2007, plaintiff suffered an abdominal hernia in the course and scope of his employment with defendant. Although he kept working until February, 2008, the pain became unbearable, so he underwent attempted surgical repair in March, 2008. His post-surgical course was stormy and additional surgeries were necessitated times two, resulting in time lost from work during the period March, 2008, to March 10, 2009.

8. When plaintiff returned to work on March 10, 2009, he did not require special accommodations, but still had gastrointestinal symptoms which required toileting more than average and restrictions on heavy lifting.

9. Upon return from a year's hiatus, defendant treated plaintiff as an accident waiting to happen and as "damaged goods" and put him on "transitional" pay status four days after he returned to work.

10. The "transition" led to termination by defendant on March 24, 2009.

## SECOND CAUSE OF ACTION
## AGE DISCRIMINATION

Plaintiff incorporates by reference the foregoing paragraphs as if each was fully set forth herein at length.

11. Although plaintiff was told by his superiors that he was let go due to reduction in the defendant's work force, younger staff with less experience and zeal were not affected by the reduction. In fact, younger persons assumed his pre-injury duties.

12. At the time of plaintiff's discharge, he was 47 years of age.

13. Plaintiff's age was a substantial determining factor in defendant's decision to terminate his employment.

14. At all times prior to his termination and after he returned to work from his work-related injuries, plaintiff was capable and qualified to perform his job.

15. Plaintiff's resolving disability, i.e., his recovery from three surgical abdominal procedures resulting in high weight-lifting restrictions, was a substantial determining factor in defendant's decision to terminate his employment.

16. The acts of defendant as alleged violate various portions of the Pennsylvania Human Rights Act set forth in Volume 43 of Purdons Statutes.

17. Defendant's unlawful acts have caused plaintiff economic injury from loss of employment, including loss of pay, benefits, and other accouterments of employment.

18. As the result of defendant's acts, plaintiff also suffered embarrassment, humiliation, emotional distress and mental anguish for which plaintiff seeks redress.

**WHEREFORE**, plaintiff respectfully requests this Honorable Court enter judgment in his favor against defendant for:

(A) Compensatory damages;

(B) Back pay with interest;

(C) Front pay;

(D) Attorney's fees, expert witness fees and other costs of suit;

(E) Other relief which the Court deems appropriate.

**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Case ID: 130801752

## VERIFICATION

**ROBERT LAND, ESQUIRE**, states that he is the attorney for John Westerman, the plaintiff in the foregoing action; that he is authorized to take this Verification on plaintiff's behalf; and that each and every allegation contained in plaintiff's Complaint is true and correct, to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

*[signature]*
**ROBERT LAND, ESQUIRE**
Attorney for Plaintiff

Date: 11/26/13

Case ID: 130801752